9ev. 02/2006

COURTROOM MINUTES OF CRIMINAL PROCEEDINGS
Norfolk/Newport News Division

# SENTENCING MINUTES

| | |
|---|---|
| Set: 10:00 a.m. | Date: March 17, 2014 |
| Started: 10:00 a.m. | Judge: Robert G. Doumar, SUSDJ |
| Ended: 11:55 a.m. | Court Reporter: Heidi Jeffreys |
| | U.S. Attorney: Elizabeth Yusi |
| | Defense Counsel: Jeffrey Swartz |
| | Courtroom Deputy: Lorraine Howard |
| | Probation Officer: Janice Hyatt |

Case No. 2:13cr166
Defendant: Steven Warner          ( ) in custody   (X) on bond

__X__ Came on for disposition.          ____ Deft. sworn.

__X__ The Court adopts the factual statements contained in the Presentence Report

__X__ Presentence Report reviewed.          ____ Objections heard and rulings made.

__X__ Evidence presented. (Witness list and exhibit list on last page)

__X__ Arguments of counsel heard.          __X__ Statement of deft. heard.(unsworn)


# IMPRISONMENT:

SENTENCE: Count __1__: The deft. shall be committed to the custody of the BOP to be imprisoned for a total term of __72__ months.

____ The deft. is remanded to the custody of the U.S. Marshal.

__X__ The deft. shall surrender for service of the sentence at the institution designated by the BOP/U.S. Marshal before 12:00 PM on May 1, 2014, as notified by the U.S. Marshal.

__X__ If the defendant is not notified by the United States Marshal of the institution designated, the defendant shall report to the United States Marshal at 600 Granby Street, Norfolk, VA, by 12:00 PM on May 1, 2014, to begin service of the sentence.

____ If deft. is unable to arrange transportation to the designated institution, the United States Marshal will arrange transportation for the defendant.


# PROBATION:

____ The deft. shall be placed on probation for a term of ____ years.

## SUPERVISED RELEASE:

  X   Upon release from imprisonment, the deft. shall be on supervised release for a term of  15  years.

## Standard Conditions of Supervised/Probation:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

_____ The deft. shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as directed by the probation officer.

_____ As reflected in the presentence report, the deft. presents a low risk of future substance abuse and therefore, the court hereby suspends the mandatory condition for substance abuse testing as defined by 18 USC 3563 (a)(5). However, this does not preclude the U.S. Probation Office from administering drug tests as they deem appropriate.

_____ It shall be a condition of supervised release that the deft. pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## Special Conditions of Supervised Release/Probation:

  X   The deft. shall participate in a program approved by the United States Probation Office for mental health treatment. The cost of this program is to be partially paid by the defendant as directed by the probation officer.

  X   The defendant shall submit to polygraph testing as directed by the United States Probation Office as part of his sex offender therapeutic program. The costs of the testing are to be partially paid by the defendant as directed by the probation officer.

  X   The defendant shall participate in a program approved by the United States Probation Office for treatment and monitoring of sex offenders, with partial cost to be paid by the defendant, all as directed by the probation officer.

  X   The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychological evaluation, and sex offender treatment. The costs of these programs are to be paid partially by the defendant as directed by the probation officer. The mental health treatment program will include treatment for depression.

  X   The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment of any kind in order to allow the release of information to the United States Probation Office and to the Bureau of Prisons and authorize communication between the probation officer, the Bureau of Prisons and the treatment provider.

  X   The defendant shall submit to penile plethysmograph testing or Abel Assessment for Sexual Interest, as directed by the United States Probation Office as part of his sexual offender therapeutic treatment. The costs of the testing are to be paid partially by the defendant, as directed by the probation officer.

  X   The defendant shall not utilize any sexually related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with the conditions including, but not limited to credit card bills, telephone bills, and cable/satellite television bills and all bills of any kind relating to any electronic equipment.

  X   The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using juvenile models or pictures of juveniles or any pornographic material of any kind, nature or description.

___X___   The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

___X___   The defendant shall not engage in any employment or volunteer services that will allow him access to computers or minors.

___X___   Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

___X___  Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computers and any electronic communication devices or data storage devices or media, and effects at any time by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision upon prior notification and approval by the Court or with a warrant.

___X___   The defendant shall not possess or use a computer to access any online computer services at any location, including any employment, without the prior approval of the probation officer.   This includes any internet service providers and also includes any electronic equipment of any kind, nature or description upon which computer services or internet services may be obtained.   The defendant cannot have any bulletin board systems or any other public or private computer network and use the same.

___X___   The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office.   The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant may have access. The Court has denied this access but will grant access upon petition by the probation officer.   Installation shall be performed by the probation officer.   The software may restrict and/or record any and all activity on any computer which this Court may allow him to have after petitioning for the same, including the capture of keystrokes, applications, information, internet use history, email correspondence, and chat conversations.   A notice will be placed on any such electronic device, computer or whatever may be in existence upon which transmission of information could be utilized at the time of installing to warn others of the existence of monitoring software.   The defendant shall notify others of the existence of the monitoring software.   The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software if he has permission to use any type of computer which must be granted by the Court on the advice and request of the probation officer, if the Court finds it in the best interest of all concerned.   The costs of the monitoring shall be partially paid by the defendant.

___X___   The defendant shall not engage in spamming or e-mail bombing if he's allowed to use any such electronic device.

___X___   The defendant shall not possess or utilize any video gaming system, console, or any such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant.

___X___    The defendant shall consent to the use of Wi-Fi detection devices, to allow the probation officer to detect the presence of wireless signals inside or outside the defendant's residence.

# FINANCIAL PENALTIES

__X__  Court finds deft. is unable to pay fine, cost of prosecution, cost of imprisonment or supervised release.

## SPECIAL ASSESSMENT:

\*\* __X__ As to count __1__, the deft. shall pay a special assessment in the amount of __$100.00__.

____ As to count ____, the deft. shall pay a special assessment in the amount of _____.

____ As to count ____, the deft. shall pay a special assessment in the amount of _____.

____ As to count ____, the deft. shall pay a special assessment in the amount of _____.

The total special assessment due is __$100.00__ and shall be due in full immediately.

**\*\* Special Assessment paid in full on December 17, 2013**

## FINE:

____ The deft. shall pay a fine in the amount of $_____.

## RESTITUTION:

____ The deft. shall make restitution in the amount of $_____.

____ Restitution Judgment Order, entered and filed in open court.

## SCHEDULE OF PAYMENTS:

____ Interest will not accrue if the special assessment/fine/restitution is paid in accordance with the schedule, or any modified schedule, set by this court.

__X__ The special assessment is due and payable immediately.

____ At the time supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment/fine/restitution ordered and shall notify the court of any change that may need to be made to the payment schedule.

____ Each restitution payment shall be divided proportionately among the payees named.

____ Restitution shall be made jointly and severally with _____.

____ Nothing in the Court's order shall prohibit the collection of any judgment by the United States.

____ Any special assessment, restitution, or fine payments may be subject to penalties for default and delinquency.

_____   Since this judgment imposes a period of imprisonment, payment of Criminal Monetary penalties shall be due during the period of imprisonment.   All criminal monetary penalty payments are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

_____   The deft. shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

_____   The deft. notified of right of appeal.

_____   Court noted that deft. waived right of appeal in plea agreement.

_____   On motion of gov't, remaining counts dismissed.

_____   The deft. is continued on present bond and cautioned re bail jumping.

__X__   Court recommends incarceration at

        __X__   a facility with a sex offender management program.
        _____   a facility with a Residential Drug Abuse Program (RDAP) when and if defendant qualifies.

_____   Consent Order of Forfeiture, executed and filed in open court.

## Additional Counts/Comments:

| WITNESS LIST: | EXHIBIT LIST: |
|---|---|
| D-1: Dr. Robert Archer | D-1: Curriculum Vita |
| D-2: Karen Youngs | |