# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
## Norfolk Division

UNITED STATES OF AMERICA

v.

STEVEN KYLE WARNER

Defendant.

Case Number: 2:13CR00166-001

USM Number: 83635-083

Defendant's Attorney: Jeffrey Swartz

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count 1 of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18 U.S.C. § 2252(a)(2), 2256(1) and (2) | Receipt of Child Pornography | Felony | May 8, 2013 | 1 |

As pronounced on March 17, 2014, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this _____18_____ day of March, 2014.

Robert G. Doumar
Senior United States District Judge

Robert G. Doumar
Senior United States District Judge

Case Number:        2:13CR00166-001
Defendant's Name:   WARNER, STEVEN KYLE

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SEVENTY-TWO (72) MONTHS.**

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall be incarcerated in a facility with a sex offender management program and the defendant shall be enrolled therein.

The defendant shall surrender for service of the sentence at the institution designated by the BOP/U.S. Marshal before 12:00 PM on Thursday, May 1, 2014, as notified by the U.S. Marshal.

If the defendant is not notified by the United States Marshal of the institution designated, the defendant shall report to the United States Marshal at 600 Granby Street, Norfolk, VA, by 12:00 PM on Thursday, May 1, 2014, to begin service of the sentence

# RETURN

I have executed this judgment as follows: _____

_____
Defendant delivered on _____ to_____
at_____, with a certified copy of this Judgment.

                                                    _____
                                                    UNITED STATES MARSHAL

                              By
                                                    _____
                                                    DEPUTY UNITED STATES MARSHAL

Case Number: 2:13CR00166-001
Defendant's Name: WARNER, STEVEN KYLE

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIFTEEN (15) YEARS**.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 2:13CR00166-001
Defendant's Name: WARNER, STEVEN KYLE

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation office for mental health treatment. The cost of this program is to be partially paid by the defendant as directed by the probation officer.

2) The defendant shall submit to polygraph testing as directed by the United States Probation Officer as part of the defendant's sex offender therapeutic program. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

3) The defendant shall participate in a program approved by the United States Probation Office for treatment and monitoring of sex offenders, with partial cost to be paid by the defendant, all as directed by the probation officer.

4) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychological evaluation, and sex offender treatment. The costs of these programs are to be paid partially by the defendant as directed by the probation officer. The mental health treatment program will include treatment for depression.

5) The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment of any kind in order to allow the release of information to the United States Probation Office and to the Bureau of Prisons and authorize communication between the probation officer, the Bureau of Prisons and the treatment provider.

6) The defendant shall submit to penile plethysmograph testing or Abel Assessment for Sexual Interest, as directed by the United States Probation Office as part of his sexual offender therapeutic treatment. The costs of the testing are to be paid partially by the defendant, as directed by the probation officer.

7) The defendant shall not utilize any sexually related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with the conditions including, but not limited to credit card bills, telephone bills, and cable/satellite television bills and all bills of any kind relating to any electronic equipment.

8) The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using juvenile models or pictures of juveniles or any pornographic material of any kind, nature or description.

9) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

10) The defendant shall not engage in any employment or volunteer services that will allow him access to computers or minors.

11) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

| Case Number: | 2:13CR00166-001 |
|---|---|
| Defendant's Name: | WARNER, STEVEN KYLE |

# SPECIAL CONDITIONS OF SUPERVISION (continued)

12) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computers and any electronic communication devices or data storage devices or media, and effects at any time by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision upon prior notification and approval by the Court or with a warrant.

13) The defendant shall not possess or use a computer to access any online computer services at any location, including any employment, without the prior approval of the probation officer. This includes any internet service providers and also includes any electronic equipment of any kind, nature or description upon which computer services or internet services may be obtained. The defendant cannot have any bulletin board systems or any other public or private computer network and use the same.

14) The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant may have access. The Court has denied this access but will grant access upon petition by the probation officer. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on any computer which this Court may allow him to have after petitioning for the same, including the capture of keystrokes, applications, information, internet use history, email correspondence, and chat conversations. A notice will be placed on any such electronic device, computer or whatever may be in existence upon which transmission of information could be utilized at the time of installing to warn others of the existence of monitoring software. The defendant shall notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software if he has permission to use any type of computer which must be granted by the Court on the advice and request of the probation officer, if the Court finds it in the best interest of all concerned. The costs of the monitoring shall be partially paid by the defendant.

15) The defendant shall not engage in spamming or e-mail bombing if he's allowed to use any such electronic device.

16) The defendant shall not possess or utilize any video gaming system, console, or any such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant.

17) The defendant shall consent to the use of Wi-Fi detection devices, to allow the probation officer to detect the presence of wireless signals inside or outside the defendant's residence.

Case Number: 2:13CR00166-001
Defendant's Name: WARNER, STEVEN KYLE

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
|  | 1 | ***$100.00 | $0.00 | $0.00 |
| TOTALS: |  | $100.00 | $0.00 | $0.00 |

*** Special Assessment paid in full in the amount of $100.00 on December 17, 2013

# FINES

No fines have been imposed in this case.

# RESTITUTION

No restitution has been imposed in this case.

Case Number: 2:13CR00166-001
Defendant's Name: WARNER, STEVEN KYLE

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.